

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 16, 1963

This Opinion
Modifies Opinion
# C-2853

Honorable Wallace Shropshire
County Attorney of Travis County
Austin, Texas

Opinion No. C-162

Re: The number of sets of
ballot forms, ballot
boxes,, returns, etc.,
required for the special
elections to be held in
Travis County on November 9,
1963.

Dear Sir:

You have asked our office for an official opin-
ion on the questions propounded in the following letter
which you have received from the Travis County Election
Board:

"(1) A proclamation has been issued
by the Governor's office calling a Special
Election to be held on Nov. 9, 1963 to vote
upon certain amendments to the State Consti-
tution.

"(2) A proclamation has been issued
by the Governor's office calling a Special
Election to be held on Nov. 9, 1963 to elect
a Congressman for the 10th Congressional Dis-
trict for the unexpired term of the Hon. Homer
Thornberry.

"(3) A proclamation has been issued by
the Governor's office calling a Special
Election to be held on Nov. 9, 1963 to elect
a State Representative for the 55th Representa-
tive District, Place 4, for the unexpired term
of the Hon. Jack Ritter, Jr.

"(4)   Since all of the above Special Elec-
tions fall on the same day and since the same
General and Special Election officials will
handle each of the authorized elections, is it
legally permissible and proper under our Elec-
tion Laws to treat the several matters as one
Special Election, with one ballot encompassing
the candidates for each of the aforesaid public
offices and the Constitutional Amendments, in
the same way that a General Election ballot
encompasses candidates for office and Constitu-
tional Amendments on the same ballot, same
election returns, etc.?

"(5)   Further, a delegation of citizens
has heretofore appeared before our County Com-
missioners' Court and stated their intention
of filing a petition to call a Special Elec-
tion to create a Travis County Junior College
District at such a time, that this election
would be called for Nov. 9, 1963 also.  This
petition would call for the following ques-
tions to be passed upon by the qualified voters:

"1.  For or Against creating the Junior
     College District.
 2.  For an initial Board of 7 Trustees.
 3.  For or Against the levy of a Main-
     tenance Tax.
 4.  For or Against the issuance of Bonds.
     and levying a tax in payment thereof.

"(6)   It is conceded that a separate ballot
is needed to vote upon items 3 and 4 of para-
graph 5.   However, if the answer to the question
raised in paragraph 4 is in the affirmative, is
it then legally permissible and proper under our
Election Laws to place items 1 and 2 of the Junior
College Special Election, described above, on the
same ballot with the Constitutional Amendments and
candidates for the offices named herein?"

Each of the above-mentioned elections will be held
at the expense of the county.  The commissioners court will
canvass the returns and the county clerk will have the custody

of the voted ballots in each election. While there is no
express statutory authority for holding these elections
jointly, it is well established that they may lawfully be
held at the same time and place. Att'y Gen. Ops. 0-2853
(1940), 0-6496 (1945), WW-728 (1959). Since the recent
amendment of Articles 3.01, 3.02, and 3.08 of the Texas
Election Code (Sections 8 and 11 of Chapter 424, Acts
of the 58th Legislature, 1963, which became effective
on August 23, 1963), it is also clear that all of these
elections may be conducted by the same election officers.
Att'y Gen. Ops. 0-2853 and 0-6496, supra, and Op. V-1367
(1951).

Only resident qualified electors who own
taxable property which has been duly rendered for taxation
in Travis County will be eligible to vote on the junior
college tax levy and bond issue propositions. Tex. Const.
Art. VI, Sec. 3a; V.A.T.S. Election Code, Art. 5.03.
On all other matters to be voted on at these elections,
all qualified electors of the county will be eligible to vote.

Prior opinions of this office have held that
special elections may be conducted at the same time and
place as general elections, other special elections, or
party primaries, but that they should be conducted as
separate elections with separate ballots, ballot boxes,
poll lists, etc. There are compelling reasons for re-
quiring that the election supplies and records (either as
to some of them or as to all, depending on the nature of
the elections) should be furnished and kept separately
where the elections are not paid for by the same authority,
are not conducted by the same officers, or are not
canvassed by the same board, where the qualifications of
the voters are different, or where different officers have
custody of the voted ballots. All of the prior opinions
involve elections where one or more of these factors was
present, except Opinion 0-2853, written in 1940, and two
later opinions, 0-4872 (1942) and 0-6496 (1946), which
cite and follow 0-2853 without further discussion. The
elections involved in these three opinions were: the
general election for state and county officers and a
county-wide local option liquor election (0-2853); the
general election and a special election for State Sena-
tor (0-4872); a special election on a constitutional
amendment and a county-wide special election for tax
reallocation (0-6496).

Opinion O-2853 held that the elections could be conducted by the same officers, but that separate ballots should be used and the voted ballots should be deposited in separate ballot boxes, so that in the event of a contest of one of the elections the challenged voters' ballots in the other election would not be subject to exposure. It further held that the poll lists, tally lists, and returns of each election would also necessarily have to be separate and distinct. The opinion recognized that failure to use separate ballots and ballot boxes would not invalidate the election, and that neither election would be invalid if it was otherwise conducted so as to secure a fair and honest election. The reason for requiring that the ballots be kept separate was, therefore, solely for the protection of the secrecy of the ballot.

Your opinion request takes note of the fact that it will be necessary to keep a separate poll list of the persons voting on the junior college tax and bond propositions, and that the ballots must be prepared in such a manner that only those eligible to vote on these propositions will be furnished ballots enabling them to do so. Accordingly, this opinion is limited to the legality and propriety of placing on one ballot form all the other matters to be voted on in these special elections.

Article VI, Section 4 of the Texas Constitution provides that in all elections the vote shall be by ballot. This provision is construed to require a secret ballot, and the framework of our election procedures is built upon the concept that the voter's right to a secret ballot should be protected. The Constitution does not guarantee absolute secrecy, however, and the Legislature may determine, within limits, what the public policy of the State will be where the protection of the secrecy of the ballot comes into conflict with other considerations which are in promotion of the public interest. Thus, in an election contest the Legislature may authorize the court to permit examination of the ballots of disqualified voters, in order to deduct their votes. Whenever an election contest arises in any election where more than one office or proposition is voted on, the examination of ballots in the contest proceeding permits exposure of how challenged voters had voted in the races and issues not being contested. Nevertheless, the Legislature has expressly provided that all races shall

-788-

be placed on the same ballot in general elections and in primary elections. The public policy of the State, as declared by the Legislature, clearly does not forbid use of a ballot form which permits exposure of the uncontested portion of the ballot in general and primary elections.

The long-standing practice of placing proposed constitutional amendments on the general election ballot, where they are to be voted on at the same time, is not expressly authorized by statute, but the Legislature has sanctioned it by failing to prohibit it. This practice likewise cannot be taken as violative of public policy because of exposure which would result from a contest arising out of either the general election or the special election on the constitutional amendments.

As previously indicated, the former opinions dealing with joint elections have not been based on express statutory provisions authorizing the holding of joint elections and regulating their conduct. A few isolated statutes provide for the holding, at the same time and place, of two elections which are called and canvassed by separate authorities (e.g., Arts. 2676 and 2774b, V.C.S.), but otherwise there is no express statutory regulation of joint elections except for Article 2746c, V.C.S., which was enacted in 1959. This statute reads as follows:

"Art. 2746c. Joint elections of governing bodies of school districts

"Section 1. Whenever an election for members of the county board of school trustees, the board of education, board of trustees or other governing board of any school district, or the board of regents, board of trustees or other governing board of any junior college district, regional college district or other type of college district, is to be held on the same day and within all or part of the same territory as any other of the elections herein enumerated, the various officers, boards or bodies charged with the duty of appointing the election officers, providing the supplies, canvassing the returns, and paying the expenses of such

elections may agree to hold the elections
jointly and may agree upon the method for al-
locating the expenses for the joint election.
Resolutions reciting the terms of the agree-
ment shall be adopted by each of the partici-
pating boards or bodies. The agreement may
provide for use of a single ballot form at
each polling place, to contain all the of-
fices to be voted on at that polling place,
or for separate ballot forms which may com-
bine two or more of the sets of county or
district offices to be voted on, provided
that all of the offices and candidates for
each district or political subdivision shall
appear on the same ballot. One set of elec-
tion officers may be appointed to conduct
the joint election, and any person otherwise
qualified who is a resident of either of the
districts or political subdivisions holding
the election shall be eligible to serve as
an election officer. Poll lists, tally
sheets, and return forms for the various
elections may be combined in any manner
convenient and adequate to record and
report the results of each election, and
one set of ballot boxes and one stub box
may be used for receiving all ballots and
ballot stubs for the joint election. Returns
on joint or separate forms may be made to,
and the canvass made by, each officer, board
or body designated by law to receive and can-
vass the returns of each election, or one of
such officers, boards or bodies may be desig-
nated to receive and canvass the returns for
the joint election and to report the results
of each election to the proper authority.
Where the counted ballots for two or more of
the elections are deposited in a single bal-
lot box, the box containing the counted bal-
lots shall be returned to the officer or
board designated in the agreement, which shall
be an officer or board designated by law to
receive and preserve the counted ballots for
one of the elections constituting a part of
the joint election."

-790-

Article 2746c expressly permits use of a single
ballot form and set of ballot boxes or of separate forms
and boxes, at the discretion of the boards charged with
the duty of furnishing the supplies. The obvious purpose
of the statute is to permit the election authorities to
prepare the ballots and to provide for their handling in
the manner best suited to the orderly, efficient conduct
of the elections. The Legislature, by the enactment of
this statute, has declared the public policy of this State
in joint elections with respect to the balancing of the two
opposing considerations--protection of the secrecy of the
ballot on the one hand and the efficient, orderly and eco-
nomical conduct of the election on the other hand. If this
statute had been in existence in 1940, we daresay that a
different result would have been reached in Opinion O-2853.

We think there can be no question that the Legis-
lature could validly authorize the joint conduct of these
four special elections as a combined single election. We
also concur in the former rulings that two or more elec-
tions may be held at the same time and place without express
statutory authorization, provided the procedures comply
with express statutory requirements pertaining to each
election and do not violate the spirit and policy of the
election laws. Where the elections are held by the same
officers and are canvassed by the same authority, and
the same officer has custody of the voted ballots in each
election, it is our opinion that the authority charged with
the duty of furnishing the supplies for the elections may
determine whether separate or combined forms shall be used
for the ballots, the poll and tally lists, and the returns,
and, agreeably with its decision on the form of the ballot,
may determine how may sets of ballot boxes shall be used.

We hold that the Travis County Election Board may
determine, within its discretion, whether to use a single
ballot form for all matters to be voted on at the special
elections to be held on November 9, 1963 (other than the
junior college tax and bond propositions), or to use
separate ballots for each election, or to combine the bal-
lots for the different elections in such other manner as in
its judgment will be most appropriate for the efficient
conduct of the election.

## SUMMARY

Where a special election for voting on constitutional amendments, a special election to fill a vacancy in the office of United States Representative, a special election to fill a vacancy in the office of State Representative, and a special election to create a county junior college district are called for the same day, the four special elections may be held jointly by the same election officers, and all the matters on which all qualified electors of the county are eligible to vote may be placed on a single ballot form.

Yours very truly,

WAGGONER CARR
Attorney General

By ~~Mary K. Wall~~
   Mary K. Wall
   Assistant

MKW:ms:sj

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
C. L. Snow
Fred Ward

APPROVED FOR THE ATTORNEY GENERAL

By:  Stanton Stone